# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE TERRELL DAVIS,

                Petitioner,

v.

TIM DOUMA,

                Respondent.

Case No. 16-CV-20-JPS

**ORDER**

      Bruce Terrell Davis ("Davis") was found guilty by a jury of his peers of committing three separate burglaries. (Docket #15, Exs. 1-2). On December 23, 2010, the Department of Corrections ("DOC") released Mr. Davis to extended supervision on all three convictions. (Docket #15, Ex. 2 at 2). Thereafter, however, DOC alleged that Mr. Davis violated various terms of his extended supervision (Docket #15, Ex. 2 at 1), which ultimately led to his revocation from supervised release (Docket #15, Ex. 2 at 4). Mr. Davis's petition for a writ of habeas corpus challenging those revocation proceedings is now before the Court. (Docket #1). The matter is fully briefed and ripe for decision. (Docket #23, #29, #34).

**1.**    **BACKGROUND**

      Prior to the revocation proceedings at issue in this case, Mr. Davis had been serving a term of supervised release in connection three burglary convictions. (Docket #15, Ex. 2 at 2). Thereafter, DOC alleged that Mr. Davis violated his extended supervision in five respects:

      1. On or about 10/03/11, Mr. Davis trespassed on private property;

      2. On or about 10/03/11, Mr. Davis was observed loitering;

> 3. On or about 08/31/11, Mr. Davis took property without the owner's consent;
>
> 4. On or about 08/31/11, Mr. Davis grabbed a victim by the back of her neck without her permission;
>
> 5. On or about 09/29/11, Mr. Davis gained entry into private property without the owner's permission.

(Docket #15, Ex. 2 at 1).

Following an evidentiary hearing on February 23, 2012, an Administrative Law Judge dismissed the allegations surrounding violations 1, 2, and 5, but revoked Mr. Davis's extended supervision based on allegations 3 and 4. (Docket #15, Ex. 2 at 2-3). The Administrator for the Division of Hearings and Appeals upheld that decision on April 5, 2012. (Docket #15, Ex. 4). And, though Mr. Davis filed a petition for *certiorari* review of the revocation decision with the assistance of new counsel (Docket #15, Ex. 5), the Milwaukee County Circuit Court denied *certiorari* relief (Docket #15, Ex. 9). Mr. Davis did not appeal. (Docket #15, Ex. 10).

During the pendency of Mr. Davis's judicial review of his revocation, he was convicted, after a jury trial, of criminal charges stemming from the conduct underlying allegations 3 and 4. (Docket #15, Ex. 16 ¶ 13).

On April 24, 2013, Mr. Davis filed a petition for writ of habeas corpus in Milwaukee Circuit Court. (Docket #15, Ex. 11). In that petition, Mr. Davis alleged that the attorneys representing him in both the underlying revocation and the *certiorari* proceedings provided ineffective assistance of counsel. (Docket #15, Ex. 11; Ex. 16 ¶¶ 9-10). The court denied habeas relief (Docket #15, Ex. 11), and the Wisconsin Court of Appeals affirmed (Docket #15, Ex. 16.) The Wisconsin Supreme Court denied Mr. Davis's petition for review. (Docket #2 at 1.)

Next, Mr. Davis filed the instant petition for writ of habeas corpus. (Docket #1). Mr. Davis again challenges his revocation, claiming he received ineffective assistance of counsel from the attorney representing him during the revocation litigation and from the attorney representing him during the *certiorari* proceedings. (Docket #1, #23).

2. **STANDARD OF REVIEW**

"Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(a)). "As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Id.* As a result, the Court may grant a writ of habeas corpus only if the state court's decision with respect to that claim was: (1) "contrary to…clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2); *see also Conner v. McBride*, 375 F.3d 643, 648–49 (7th Cir. 2004) (citing *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997)).

3. **ANALYSIS**

Beyond the statutory limits prescribed by AEDPA, Article III of the Constitution limits the jurisdiction of federal courts to live cases and controversies. *See Alvarez v. Smith*, 558 U.S. 87, 87 (2009) ("[A]n actual controversy must exist at all stages of review…."); *Medlock v. Tr. of Indiana*

*Univ.*, 683 F.3d 880, 882 (7th Cir. 2012) ("Article III of the Constitution limits federal courts' scope of judicial review to live cases and controversies."). "And[,] in keeping with that limitation, this Court 'must, on its own, dismiss a case as moot when it cannot give the petitioner any effective relief.'" *Id.* (internal citations omitted).

As the Wisconsin Court of Appeals noted in Mr. Davis's state post-conviction litigation, Wis. Admin. Code HA § 2.05(6)(f) provides that "[a] violation [of the rules or conditions of supervision] is proven by a judgment of conviction arising from conduct underlying an allegation." Here, Mr. Davis has been convicted of robbery and burglary from the conduct underlying allegations 3 and 4 of his revocation proceeding. (Docket #15, Ex. 16 ¶ 13). Indeed, this conviction had been entered at the time he filed his state habeas petition. (Docket #15, Ex. 16 ¶ 13).[1] Thus, the remedy he seeks by way of this action— a new revocation hearing—would afford him no tangible benefit, and Mr. Davis's ineffective assistance claims are, therefore, moot. Absent jurisdiction over this matter, the Court must dismiss Mr. Davis's petition.

On a final note, the Court acknowledges that if Mr. Davis would suffer sufficient collateral consequences from the feature of his custody that he is currently challenging, his case would not be moot. *See A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) ("[A] challenge to a criminal conviction…is not moot when the defendant continues to face adverse consequences stemming from

---

[1]Davis argues that because he appealed the conviction, the underlying revocation issue is not moot. (Docket #34 at 4-5). The Wisconsin Court of Appeal rejected the contention, finding that in Wisconsin, a conviction becomes final when the circuit court enters it. (Docket #15, Ex. 16 ¶ 14). Davis' only contrary citation is to Connecticut state courts, interpreting Connecticut law, which this Court must ignore.

its adjudication."). And, the Supreme Court has indeed established a presumption of collateral consequences from a wrongful criminal conviction. *See Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004). But, the Court has *not* extended this presumption to parole or supervision revocations. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998). Davis has made no attempt to argue the existence or nature of any collateral consequences. (Docket #34 at 4-5).

**4. CONCLUSION**

In sum, because this Court finds that it cannot provide any effective relief for Mr. Davis, the Court is compelled to deny Mr. Davis's petition. (Docket #1). However, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Davis must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is compelled to deny a certificate of appealability as to Mr. Davis's petition.

Finally, the Court closes with some information about the actions that Mr. Davis may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case. Accordingly,

**IT IS ORDERED** that the Mr. Davis's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the Mr. Davis's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge