# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE TERRELL DAVIS,

                  Petitioner,

v.

TIM DOUMA,

                  Respondent.

Case No. 16-CV-20-JPS

**ORDER**

On January 18, 2017, the Court ordered that the petition in this matter be denied. (Docket #35 and #36). On January 25, 2017, the petitioner submitted a motion to reconsider that order. (Docket #38).[1] The petitioner asserts that his motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). "A Rule 59(e) motion will be successful," the Court of Appeals holds, "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (quotation omitted). FRCP 59(e) "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Each of the petitioner's arguments fit this bill. The *Oto* court's observations apply here:

> A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling

---

[1] The motion was docketed on January 30, 2017, but it is dated January 25; the Court will give the plaintiff the benefit of the document's stated date.

precedent." *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997). Contrary to this standard, Beverley's motions merely took umbrage with the court's ruling and rehashed old arguments. They did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent. As such, they were properly rejected by the District Court.

*Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The petitioner merely disagrees with the Court's conclusion that his claim is moot, advancing arguments he already made, or should have made, in his briefing on the petition itself. He has failed to make a clear showing that the Court committed a manifest error of law or fact or that new evidence supports a contrary result. The motion for reconsideration must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket #38) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge